HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES CURTIS ROWLEY,

          Plaintiff,

   v.

MASON COUNTY SHERIFF'S DEPARTMENT, *et al.*,

          Defendants.

Case No. 3:25-cv-5030-RAJ

ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING LEAVE TO AMEND

This Court, having reviewed the Report and Recommendation of Magistrate Judge David W. Christel (the "Report and Recommendation," Dkt. # 19), Plaintiff's Objections to the Report and Recommendation (the "Objections," Dkt. # 20), and the remaining record, hereby finds and **ORDERS** the following:

    (1)    The Court **ADOPTS** the Report and Recommendation.

    (2)    Plaintiff's Amended Complaint (Dkt. # 18) is **DISMISSED** pursuant to *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), and for failure to state a claim upon which relief may be granted.

ORDER - 1

(3) The Court makes the following findings with respect to Plaintiff's Motion for Leave to File Second Amended Complaint (the "Motion to File SAC," Dkt. # 21). While Plaintiff is correct that leave to amend is more freely given to *pro se* litigants, Plaintiff has already been granted leave to amend once in this matter, and has been provided specific instructions as to how to cure his pleading deficiencies on more than one occasion. *See* Dkt. ## 9, 17. Despite this, as detailed in the Report and Recommendation, Plaintiff failed to cure the fatal deficiencies in filing his amended complaint. *See, e.g.*, Dkt. # 19 at 5 (observing that Plaintiff's amended destruction-of-evidence claim is "no different" from the earlier version "asserted in his initial complaint"). Under these circumstances, the Court may dismiss a *pro se* action based on remaining deficiencies without leave to amend. *Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (internal citations omitted).

The arguments set forth in the Objections and Motion to File SAC make clear that permitting leave to file a second amended complaint would be futile and would only result in the presentation of the same noncognizable claims. Critically, Plaintiff appears to fundamentally misunderstand the *Heck* doctrine, arguing that, as his claims "do not challenge the validity of [his] underlying conviction, but instead challenge the destruction of key evidence," they are therefore not *Heck*-barred. Dkt. # 20 at 1. However, the fact that Plaintiff does not challenge the validity of his conviction is precisely the reason that he is barred by the *Heck* doctrine from raising a § 1983 destruction-of-evidence claim. Plaintiff's conflation of these legal principles all but guarantees that any further amended complaint in this matter will continue to run up against the *Heck* doctrine.

ORDER - 2

Additionally, Plaintiff again relies on *Arizona v. Youngblood*, 488 U.S. 51 (1988), in arguing that the allegedly bad-faith destruction of potentially exculpatory evidence in his case independently violated his due process rights. Dkt. # 20 at 2. This is the same argument Plaintiff made in both of his previous complaints, and his recent filings all but confirm that his second amended complaint—if permitted—will merely rehash this already-rejected logic. *Compare* Dkt. # 8 at 5 ("Under *Arizona v. Youngblood*, the failure to preserve such evidence constitutes a due process violation if it was destroyed in bad faith."), *with* Dkt. # 18 at 4 ("Plaintiff's right to due process under the Fourteenth Amendment of the U.S. Constitution was violated by all Defendants when it destroyed critical physical evidence. . ."), *with* Dkt. # 20 at 2 ("Under *Arizona v. Youngblood*, 488 U.S. 51 (1988), destruction of potentially exculpatory evidence violates due process if done in bad faith."); *see also* Dkt. # 20 at 3 (requesting leave to amend to "further clarif[y] my due process . . . claims").

Plaintiff similarly cites *Reed v. Goertz*, 598 U.S. 230 (2023) and *Gutierrez v. Saenz*, 145 S. Ct. 2258 (2025) in his Objections, in connection with his "DNA access" claim. Dkt. # 20 at 1–2. Here, too, Plaintiff fails to articulate how any second amended complaint, if permitted, would meaningfully differ in its analysis of this authority, as compared to the non-colorable argument set forth in Plaintiff's amended complaint. *See* Dkt. # 18 at 6; Dkt. # 19 at 6–9.

Finally, Plaintiff identifies with specificity the amendments he proposes to make to cure the pleading deficiencies in the amended complaint related to the naming of a proper defendant. Dkt. # 20 at 2–3. Notably, Plaintiff does not address the requirement to "allege

ORDER - 3

facts sufficient to show the existence of a county policy or custom that was the moving force behind the alleged constitutional deprivation." Dkt. # 19 at 9 (citing *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992)). In any case, even if Plaintiff is ultimately able to partially cure this procedural deficiency, this Court concludes that, based on the totality of the record, naming a proper defendant would not, by itself, transform plaintiff's complaint into a nonfrivolous pleading reflecting "arguable substance of law and fact." Dkt. # 19 at 4 (citing 28 U.S.C. § 1915A(b); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

As such, this Court concludes that there is no possibility that Plaintiff's pleading deficiencies may be cured through amendment, particularly given that Plaintiff "did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so." *Swearington*, 624 F. App'x at 959 (citing *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.2000)); *see also Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Accordingly, the Court **DENIES** Plaintiff's Motion to File SAC.

(4)    The Clerk is directed to send copies of this Order to Plaintiff and to the Hon. David W. Christel.

Dated this 13th day of January, 2026.

*(signature)*

The Honorable Richard A. Jones
United States District Judge

ORDER - 4